# STATE OF MICHIGAN

# COURT OF APPEALS

---

MICHELE HOLT and FLOYD HOLT,

       Plaintiffs-Appellees,

v

LEGACY HHH, VHS HARPER-HUTZEL
HOSPITAL, INC., and HOLLISTER-WHITNEY
ELEVATOR CORPORATION,

       Defendants,

and

OTIS ELEVATOR COMPANY,

       Defendant-Appellant.

UNPUBLISHED
May 26, 2016

No.  325345
Wayne Circuit Court
LC No.  13-002501-NO

---

Before:  BOONSTRA, P.J., and METER and BECKERING, JJ.

BOONSTRA, P.J. (*concurring*):

I concur.  I write separately simply to stress the following two points:

First, I conclude from the evidentiary record that the causation standard of *Skinner v Square D Co*, 445 Mich 153; 516 NW2d 475 (1994), has been satisfied, and that the question of causation should thus be decided by a jury.  Defendant posits that plaintiff's causation theory is wholly speculative because there are numerous potential causes for the overspeed switch to have tripped and because the precise details of how that tripping occurred remain unknown.  However, this does not establish that it would be mere conjecture for a jury to conclude that defendant's negligence was the cause.  In fact, defendant's alternative causation theories (e.g., dust, vibration) are purely theoretical and lacking support in the evidentiary record.  Although the particulars of the events causing the overspeed switch to trip may be unknown, the preponderance of the evidence points to one or more acts of defendant, either singly or in combination, as the most likely cause:  e.g., an employee of defendant manually tripping the switch, either intentionally or inadvertently; an employee of defendant propping open the door to the restricted machine room, so as to allow another person, possibly the so-called "mystery man" who was observed in the room, to trip the switch, either intentionally or inadvertently; or a negligent act by defendant in the modernization or inspection that had recently occurred.  Any or

-1-

any combination of these potential causes derives from the alleged negligence of defendant, and a jury therefore could reasonably infer from the evidence that it was more likely than not defendant's negligence that caused the switch to trip. *Id.* at 164-165.

Second, I would add a note of caution, generally, with respect to the utilization of treating physician testimony to establish causation of injuries. Issues regarding the weight or admissibility of such testimony may arise where a treating physician offers a medical opinion linking an injury to a particular cause, based solely on the medical history provided to the physician by the patient. See e.g., *Cooper v Nelson & Co*, 211 F3d 1008, 1019-1021 (CA 7, 2000); *Perkins v United States*, 626 F Supp 2d 587, 592-593 (ED Va, 2009); see also Lynch, *Doctoring the Testimony: Treating Physicians, Rule 26, and the Challenges of Causation Testimony*, 33 Rev Litig 249, 319-325 (2014). As this matter proceeds, therefore, the trial court should be cognizant of those issues and guard against affording potentially undue expert opinion status to what essentially may be lay opinion testimony of a patient, albeit conveyed through the physician. See also MRE 703; *People v Fackelman*, 489 Mich 515, 534; 802 NW2d 552 (2011) (expert opinion must be based "exclusively on evidence that has been introduced into evidence in some way other than through the expert's hearsay testimony").

/s/ Mark T. Boonstra